IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy Maurice Blanton,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim No. 4:11-cr-02161-TLW<br>C/A No. 4:13-cv-00480-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Timothy Maurice Blanton. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

On June 29, 2012, Petitioner pled guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of crack, in violation of 21 U.S.C. § 846. On October 10, 2012, the Court sentenced him to 240 months imprisonment, followed by a 5-year term of supervised release, and Judgment was entered on October 26, 2012. He did not file a direct appeal.

Petitioner was a career offender with predicate convictions for common law robbery, strong arm robbery, and possession of crack cocaine with intent to distribute. The advisory guideline range in his case was 360 months to life imprisonment. He was sentenced to 240 months based on a Rule 11(c)(1)(C) plea.

On or about February 22, 2013, Petitioner filed this motion under 28 U.S.C. § 2255 (Doc. #738). He alleges generally that he was deprived of the effective assistance of counsel.

1

Specifically, he alleges four separate grounds: (1) his counsel did not file the motions he asked him to file, and if his counsel had filed the motions, he would not have pled guilty; (2) his counsel talked him into pleading guilty; (3) he told his counsel that he was not involved in a conspiracy with one of his co-defendants;[1] and (4) his counsel did not tell him what part he played in the conspiracy.

On February 22, 2013, the Court ordered the Government to respond to Petitioner's motion within 30 days of the date of the order. On February 26, 2013, the Government filed a motion requesting an extension of time to respond, which the Court granted in an order dated March 4, 2013, giving the Government 45 days from the date of the order to respond. On March 5, 2013, Petitioner's counsel on the criminal charge, M.W. Cockrell III, filed an affidavit attesting to his actions taken during his representation of Petitioner (Doc. #746). On March 21, 2013, the Government filed a Response (Doc. #749) and Motion for Summary Judgment (Doc. #750). On March 25, 2013, the Court issued a *Roseboro* order to Petitioner. On April 3, 2013, Petitioner filed a letter stating that he had not received the Government's Motion for Summary Judgment. On April 4, 2013, the Clerk mailed Petitioner the *Roseboro* order, the Government's Response, and the Government's Motion for Summary Judgment. Petitioner did not file a response to the Government's Motion for Summary Judgment. This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set

---

[1] Or possibly all of his co-defendants. It is not clear from Petitioner's § 2255 motion.

aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc.*

3

*Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.   Discussion

In the Government's Response and Motion for Summary Judgment, the Government asserts that Petitioner's motion should be dismissed. The Court agrees.

Petitioner asserts generally that he was deprived of his Sixth Amendment right to counsel in the context of his guilty plea. In order for him to obtain habeas relief based on ineffective assistance of counsel, he must show (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). "[A] failure of proof on either prong ends the matter." *Id.*

Under the first prong, courts "apply a 'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "[Counsel's] errors must have been so serious that he was not 'functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). Counsel's performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

4

"In order to establish prejudice under *Strickland*'s second prong, a defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Roane*, 378 F.3d at 405 (quoting *Strickland*, 466 U.S. at 694). "When a defendant challenges a conviction entered after a guilty plea, [the] 'prejudice' prong of the test is slightly modified. Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Specifically, Petitioner challenges the voluntariness and factual basis for his plea. It is well-established that "findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated . . . ." *Id.* Furthermore, even if counsel gave Petitioner erroneous advice prior to the plea, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *Id.*

### A.   Petitioner's Motions

Petitioner's first ground for relief asserted in his § 2255 motion is that his counsel did not file any of the motions he asked counsel to file and that he had to file them himself. He asserts that if counsel had filed the motions, he would not have pled guilty. There is no merit to this

5

allegation.

As an initial matter, Petitioner acknowledges that he filed the motions himself, despite his counsel's apparent refusal to file them on his behalf. Having carefully reviewed the motions (Doc. #409), the Court finds that counsel properly refused to file these motions, as there is no merit to any of them. "Counsel is not required by the Sixth Amendment to file meritless motions." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Furthermore, Petitioner pled guilty to the charge prior to a ruling on the motions, so he cannot show any prejudice from counsel's refusal to file the motions. Finally, during the Rule 11 colloquy, Petitioner testified under oath that he had sufficient time to consult with his counsel, that he was fully satisfied with his counsel's performance, and that there was nothing that he wanted his counsel to do that he had not already done. Accordingly, he has not presented sufficient evidence to meet *Strickland*'s high bar, and his claim is therefore subject to dismissal.

### B.   Factual Basis of Plea

Petitioner's second, third, and fourth grounds for relief in his § 2255 motion involve the factual basis of his plea. There is no merit to these grounds.

In his second ground, he asserts that counsel talked him into a plea by telling him that all of his co-defendants had already pled guilty and that they would all testify against him at trial. Of course, it is reasonable to conclude that this was true and would have been competent advice. Furthermore, during the Rule 11 colloquy, he testified that no one attempted to force him to plead guilty; that he understood his right to a jury trial (and the rights that go along with a trial), but still wanted to plead guilty; and that he was entering a guilty plea of his own free will. Accordingly, Petitioner's second ground for relief is without merit.

In his third ground, Petitioner asserts that he "was not in a conspirsey [sic] with said co-

defendence [sic] that on my indictment." He later asserts that "they" were lying about him in their statements to the Government in order to get reduced sentences.[2] These assertions are contradicted by his sworn testimony during the Rule 11 colloquy. After a factual presentation by the Government, in which the Government said that Petitioner gave an interview admitting that he had been selling crack cocaine since 1996 and that numerous witnesses would testify that they either bought crack cocaine from or sold crack cocaine to Petitioner during the relevant time period, Petitioner acknowledged that he did commit this conduct. He acknowledged conspiring with others to sell 280 grams or more of crack cocaine. He further stated that he was pleading guilty because he was, in fact, guilty. Accordingly, Petitioner's third ground for relief is without merit.

Finally, in his fourth ground, he asserts that his counsel never told him what part he played in the conspiracy. He further asserts that he feels like his counsel "sold [him] out" and that he would not have had to plead guilty "if he did his job to fight for me." He says that counsel "is from Chesterfield, SC so he could be best friends with [Detective] Chris Page for all [he] knows."

Petitioner's allegations about his counsel's performance are wholly unsupported by the record. The evidence of his guilt was overwhelming. The Presentence Investigation Report states that on March 14, 2007, Petitioner waived his *Miranda* rights and gave a statement to the police thoroughly detailing his involvement in drug activity. Additionally, the Government represented to the Court at the Rule 11 colloquy that numerous witnesses would testify that they supplied crack cocaine to Petitioner and numerous other witnesses would testify that he sold crack cocaine to them, and that the total amount bought or sold was 280 grams or more.

---

[2] He does not specify which co-defendant(s) were lying about him.

Additionally, the record reflects that Petitioner's counsel was able to obtain favorable concessions from the Government. As an example, the Government agreed to a Rule 11(c)(1)(C) sentence of 240 months, even though the guideline range was 360 months to life. The Government did agree to recommend a sentence below the applicable guideline range to the Court. Given the strength of the evidence against him, his counsel exhibited significant skill in obtaining a sentencing concession from the Government and rendered competent advice in advising him to plead guilty in exchange for these concessions. The evidence of record indicates that counsel competently represented Petitioner. While Petitioner asserts that his counsel aided the prosecution, there is absolutely no evidence that counsel did so. Accordingly, his fourth ground for relief is without merit. *See Wagner v. United States*, 377 F. Supp. 2d 505, 510 (D.S.C. 2005).

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment (Doc. #750) is **GRANTED**, Petitioner's motion for relief pursuant to § 2255 (Doc. #738) is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                               *s/ Terry L. Wooten*
                                               Terry L. Wooten
                                               Chief United States District Judge

January 8, 2014
Columbia, South Carolina